IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BENNIE BARNES,** | ) | |
| Petitioner, | ) | Civil Action No. 13-253 Erie |
| | ) | |
| v. | ) | Chief District Judge Joy Flowers Conti |
| | ) | Magistrate Judge Susan Paradise Baxter |
| **SUPERINTENDENT GIROUX, et al.,** | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

The petitioner, Bennie Barnes, is a state prisoner who is in custody pursuant to a judgment of sentence imposed by the Court of Common Pleas of Erie County on November 1, 1999. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court may dismiss the petition prior to service if it plainly appears that Barnes is not entitled to habeas relief. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the U.S. District Courts. That is the case here because the petition is successive and Barnes has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied.

**II.    REPORT**

    **A.    Discussion**

After a jury trial in the Court of Common Pleas of Erie County, Barnes was convicted of rape and aggravated indecent assault. On November 1, 1999, the court sentenced him to a term of 8-20 years' imprisonment. The Superior Court of Pennsylvania affirmed his judgment of sentence. Thereafter,

1

Barnes filed in state court numerous unsuccessful motions for collateral relief pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*

In April of 2005, Barnes filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his November 1, 1999, judgment of sentence. That petition was docketed as Barnes v. Brooks, et al., 1:05-cv-100 (W.D. Pa.) and assigned to the Honorable Sean J. McLaughlin, who referred the case to me. I subsequently issued a Report and Recommendation ("R&R") advising that the petition should be dismissed as untimely under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that a certificate of appealability be denied. On August 18, 2006, Judge McLaughlin adopted the R&R as the Opinion of the Court, dismissed the petition, and denied a certificate of appealability.

AEDPA mandates that before a state prisoner may file a second or successive habeas corpus petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

In September of 2007, Barnes filed with the Third Circuit Court of Appeals an application for authorization to file a second or successive petition. The court denied it. See Oct. 18, 2007, *Order* in In re: Bennie E. Barnes, Court of Appeals Docket No. 07-3789 (3d Cir.).

2

In November of 2011, Barnes filed with this Court another petition for a writ of habeas corpus in which he once again challenged his November 1, 1999, judgment of sentence. That action was docketed as <u>Barnes v. Erie County Court of Common Pleas, et al.</u> No. 1:11-cv-255 (W.D. Pa.), assigned to Judge McLaughlin and referred to me. I issued an R&R in which I recommended that the petition be dismissed because it was an unauthorized second or successive petition. 28 U.S.C. § 2244(b). Judge McLaughlin adopted the R&R as the Opinion of the Court, denied a certificate of appealability, and closed the case.

In March of 2013, Barnes filed another petition for a writ of habeas corpus in which he challenged his November 1, 1999, judgment of sentence. That action was docketed as <u>Barnes v. Superintendent Michael Harlow, et al.</u> No. 1:13-cv-68 (W.D. Pa.), assigned to Judge McLaughlin and referred to me. I issued an R&R in which I recommended that the petition be dismissed as an unauthorized second or successive petition. 28 U.S.C. § 2244(b). Judge McLaughlin adopted the R&R as the Opinion of the Court, denied a certificate of appealability, and closed the case.

On or around August 15, 2013, Barnes filed the instant habeas petition in which he again challenges his November 1, 1999, judgment of sentence. As the above-cited history explains, this is at least the fourth federal habeas petition that he has filed in which challenges that judgment of sentence. Barnes has not received from the Third Circuit Court of Appeals permission to file a second or successive petition. Therefore, this Court must dismiss the petition for lack of jurisdiction. <u>Id.</u> at 152-54.

**B.      Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial

3

showing of the denial of a constitutional right." In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Barnes is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Dated: August 28, 2013

cc: Joy Flowers Conti
     Chief United States District Judge

Notice by first class mail to:

Bennie Barnes
EB-8245
SCI Albion
10745 RT 18
Albion, PA 16475